# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| DAOFA XIAO,<br>　　　Petitioner,<br><br>　　v.<br><br>FCI BERLIN, WARDEN; DAVID<br>WESLING; ACTING DIRECTOR<br>TODD LYONS; and KRISTI NOEM,<br>　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26-cv-082-JJM-AEM |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Daofa Xiao is currently in the custody of Immigration Customs and Enforcement ("ICE") at the Federal Correctional Institution in Berlin, New Hampshire. ECF No. 1. Mr. Xiao has filed a Petition for a Writ of Habeas Corpus *Ad Prosequendum*[1] or, in the alternative, a Writ of Habeas Corpus *Ad Testificandum*,[2] requesting that the Court order the Government to bring Mr. Xiao to Rhode Island so that he can be present for and assist in his defense of pending criminal charges filed against him in Rhode Island Superior Court. *Id.* at 1.

---

[1] "*Habeas corpus ad prosequendum*" is a Latin phrase meaning "you should have the body for prosecuting." *Habeas Corpus*, Merriam-Webster, https://www.merriam-webster.com/dictionary/habeas%20corpus#legalDictionary (last visited Feb. 12, 2026).

[2] "*Habeas corpus ad testificandum*" is a Latin phrase translating to "you should have the body for testifying." *Habeas Corpus*, Merriam-Webster, https://www.merriam-webster.com/dictionary/habeas%20corpus#legalDictionary (last visited Feb. 12, 2026).

The Government has in turn moved to transfer this case to the U.S. District Court for the District of New Hampshire.  ECF No. 6.  The Government primarily argues that this Court lacks jurisdiction to grant Mr. Xiao the relief he seeks.  *Id.* at 1.  Mr. Xiao opposes the Government's motion.  ECF No. 7.

For the reasons that follow, the Court GRANTS Mr. Xiao's habeas petition and DENIES the Government's Motion to Dismiss.

## I.    BACKGROUND

Mr. Xiao is a native of China who entered the United States on a B-2 visa[3] in November 2015.  ECF No. 1 at 1, 4.  He has filed an asylum application with the U.S. Citizenship and Immigration Services ("USCIS"), contending that he fled his home country after the Chinese government persecuted him on account of his religion.  *Id.* at 4.

Since arriving in the United States, Mr. Xiao claims that he "has never resided or maintained an address in Rhode Island."  *Id.*  Nevertheless, in or about February 2019, the State of Rhode Island initiated criminal proceedings against Mr. Xiao in Rhode Island Superior Court.  *Id.*

Mr. Xiao is charged with three counts: (1) manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance in violation of R.I. Gen. Laws § 21-28-4.01(a)(4)(i); (2) manufacturing, selling, or possessing with

---

[3] "A 'B-2 visa' is available, for example, to 'tourists and those coming for social visits, health reasons, or participation in amateur music and sports events.'" *Adeyanju v. Garland*, 27 F.4th 25, 31 n.1 (1st Cir. 2022) (quoting 1 Charles Gordon et al., Immigration Law and Procedure § 1.03 (2021)).

intent to manufacture or sell 1-5 kilograms of marijuana in violation of R.I. Gen. Laws § 21-28-4.01.1(a)(5); and (3) conspiracy in violation of R.I. Gen. Laws § 11-1-6. *Id.* at 4; *see also* ECF No. 1-1 at 1 (displaying case information as produced by the Rhode Island Superior Court).

The State of Rhode Island seems to be of the view that Mr. Xiao, in collusion with others, rented a private property in Narragansett, Rhode Island under his name and cultivated marijuana plants on the property. ECF No. 1 at 5. However, Mr. Xiao maintains his innocence and asserts that he was erroneously charged for actions that he did not commit. *Id.* Specifically, he believes that an unknown individual stole his identification and financial information and used it to carry out the drug trafficking operation that the State of Rhode Island alleges. *Id.*

The Rhode Island Superior Court scheduled an arraignment and mailed a notice of a hearing to Mr. Xiao at the Narragansett property address. *Id.* However, Mr. Xiao claims that the notice never reached him because he never resided at or had any connection with the Narragansett address. *Id.* Because of his failure to appear at the arraignment, there is a pending bench warrant against Mr. Xiao at the Rhode Island Superior Court. *Id.*

Still unaware of the criminal proceedings against him, Mr. Xiao appeared for an asylum interview at the USCIS field office in Boston, Massachusetts on December 9, 2025. *Id.* While in attendance, ICE officers detained Mr. Xiao, issued him a Notice to Appear, and placed him in removal proceedings. *Id.* at 1, 5.

Since his arrest, ICE has transferred Mr. Xiao to various detention facilities around New England. ICE first held Mr. Xiao at the Plymouth County Correctional Facility in Plymouth, Massachusetts. *Id.* at 2. ICE later moved Mr. Xiao to the Cumberland County Jail in Portland, Maine. *Id.* ICE then moved Mr. Xiao a third time to the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), where he currently remains detained. *Id.*

On February 3, 2026, the Rhode Island Superior Court issued a writ of habeas corpus, ordering ICE officials and the Warden of FCI Berlin to produce Mr. Xiao at the Washington County courthouse in Wakefield, Rhode Island so that he may appear for his arraignment scheduled on February 19, 2026. *Id.* at 6; ECF No. 1-2 at 1 (displaying Rhode Island Superior Court's writ of habeas corpus *ad prosequendum/testificandum*).

Mr. Xiao filed the instant habeas petition on February 9, 2026. ECF No. 1. He contends that neither ICE nor FCI Berlin will transport Mr. Xiao to his arraignment unless the Court orders them to do so. *Id.* at 7. In response to this petition, the Court entered a text order that prohibits the Government from moving Mr. Xiao from FCI Berlin "without providing the Court with at least 72 hours advance notice of the move and the reason therefore." *See* Amended Text Order (Feb. 9, 2026).

Since then, the Government has moved to transfer this case to the U.S. District for the District of New Hampshire, claiming that this Court lacks jurisdiction to grant Mr. Xiao's petition. ECF No. 6 at 1-2.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c)(5), "[a] writ of habeas corpus may be issued by a district court and extended to a prisoner '[i]f it is necessary to bring [him] into court to testify or for trial.'"  *Soriano Neto v. Choate*, No. 25-cv-00425-MSM-AEM, 2025 WL 2969178, at *1 (D.R.I. Oct. 21, 2025) (quoting 28 U.S.C. § 2241(c)(5)).  "The writ is 'issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner.'"  *United States v. Kelly*, 661 F.3d 682, 686 (1st Cir. 2011) (quoting *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993)). "It operates as 'a court order requesting the prisoner's appearance to answer charges in the summoning jurisdiction.'"  *Id.* (quoting *Stewart*, 7 F.3d at 389).  "Moreover, this authority has extraterritorial application."[4]  *Soriano Neto*, 2025 WL 2969178, at *1 (citing *Carbo v. United States*, 364 U.S. 611, 611-12, 620 (1961) (holding that a federal court in California had authority to order a New York City prison official to produce a prisoner so that the individual could be brought to California to stand trial in federal court)).

A writ of habeas corpus *ad prosequendum* "allows the issuing court to 'obtain temporary custody of the prisoner.'"  *Kelly*, 661 F.3d at 686 (quoting *United States v. Mauro*, 436 U.S. 340, 360 (1978)).  Indeed, "[t]he nature of the writ is such that 'the

---

[4] The Supreme Court has not had a chance to rule on whether a writ of habeas corpus *ad testificandum* has extraterritorial application, as *Carbo* only concerned the writ of habeas corpus *ad prosequendum*.  364 U.S. at 611-12.  However, many courts have recognized that the analysis used in *Carbo* "applies equally to the writs of *habeas corpus ad testificandum* and *habeas corpus ad prosequendum*." *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 114 (4th Cir. 1988); *see also Greene v. Prunty*, 938 F. Supp. 637, 638-39 (S.D. Cal. 1996) (collecting cases).

sending state retains full jurisdiction over the prisoner since the prisoner is only "on loan" to the prosecuting jurisdiction.'" *Id.* (quoting *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989)); *see also Stewart*, 7 F.3d at 389; *Crawford v. Jackson*, 589 F.2d 693, 695-96 (D.C. Cir. 1978).

## III.  DISCUSSION

Mr. Xiao wishes to have his custodians transport him to Rhode Island so that he may be present for and assist in his defense of the criminal charges filed against him in Rhode Island state court.  ECF No. 1.  The Government claims that there are several reasons why this Court cannot honor Mr. Xiao's request.  ECF No. 6.  None of its arguments are persuasive.

First, the Government contends that, because Mr. Xiao was not present in the District of Rhode Island at the time he filed his habeas petition, this Court lacks jurisdiction over the matter.  ECF No. 6 at 1-2.  That is not the case.  The Government cites *Rumsfeld v. Padilla* in support of its position, but that case is inapposite because it involved the "Great Writ,"[5] codified at 28 U.S.C. § 2241(a).  542 U.S. 426, 442.  By contrast, Mr. Xiao invokes the writs of habeas corpus *ad prosequendum* and *ad testificandum*, which have "extraterritorial application" and "suffer[] no geographical limitations."  *Kelly*, 661 F.3d at 686 n.4 (citing *Carbo*, 364 U.S. at 618, 620); *see also*

_____

[5] The "Great Writ" is often referred to by its Latin name, which is "*habeas corpus ad subjiciendum.*"  *Habeas Corpus*, Merriam-Webster, https://www.merriam-webster.com/dictionary/habeas%20corpus#legalDictionary (last visited Feb. 12, 2026).

*Soriano Neto*, 2025 WL 2969178, at *1; *Muhammad*, 849 F.2d at 114.[6]  As such, it is not necessary for Mr. Xiao to have been in the District of Rhode Island at the time his petition was filed in order for the Court to issue the writ he requests.

Next, the Government claims that the writs invoked by Mr. Xiao are used to "order a person already in custody in its jurisdiction to be transferred out of state." ECF No. 6 at 3.  According to the Government, Mr. Xiao has it backwards: he has to be in custody in Rhode Island in order for this Court to order him transferred outside of Rhode Island.  This too is incorrect.

The court that issues the writ is a court of the jurisdiction where an indictment has been lodged against the prisoner.  *Kelly*, 661 F.3d at 686 (citing *Stewart*, 7 F.3d at 389).  The issuing court merely obtains "temporary custody" of the prisoner because the prisoner is "on loan" to the state where he is being prosecuted on the criminal charge.  *Id.* (citing *Mauro*, 436 U.S. at 362; *Flick*, 887 F.2d at 781).  While this plays out, the sending state retains "full jurisdiction over the prisoner," and the "sending state's jurisdiction over the accused continues uninterruptedly."  *Id.* (first quoting *Flick*, 887 F.2d at 781; then quoting *Crawford*, 589 F.2d at 695-96).  "A prisoner is not even 'in custody' [of the summoning jurisdiction] when he appears in [that] jurisdiction's court pursuant to an *ad prosequendum* writ."  *Stewart*, 7 F.3d at 389.  Accordingly, Mr. Xiao need not be "in custody" in Rhode Island at all.  It is sufficient

---

[6] By contrast, the "Great Writ" has territorial limitations, as it is "issuable only in the district of confinement."  *Kelly*, 661 F.3d at 686 n.4 (citing *Carbo*, 364 U.S. at 618).

that he is detained in New Hampshire, and that Rhode Island is the jurisdiction where a criminal indictment has been lodged against him.

The Government also contends that 28 U.S.C. § 2241(c)(5) limits courts to authorizing detainee transfers only for the purpose of "bring[ing] [the petitioner] to testify or for trial." ECF No. 6 at 2. The Government seems to argue that Mr. Xiao's arraignment will not involve testimony and is not a trial, so the habeas statute does not authorize the transfer of Mr. Xiao so that he can attend his arraignment. *Id.* The Court disagrees. Courts across the country have issued the writ of habeas corpus *ad prosequendum* to prisoners so that they can attend their arraignments in prosecuting jurisdictions. *See, e.g.*, *Arizona v. Bondi*, No. CV-25-00468-TUC-RM (MAA), 2025 WL 2800075, at *4 (D. Ariz. Oct. 2, 2025); *Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999) (noting that the writ of habeas corpus *ad prosequendum* permits "the receiving sovereign" to temporarily "borrow" a person for the purposes of "indicting, *arraigning*, trying, and sentencing the person") (emphasis added).

Arguably, the arraignment is one of the most significant aspects of a criminal proceeding. Indeed, the Supreme Court has recognized, under federal law, that an arraignment is "a sine qua non[7] to the trial itself," because it is "the preliminary stage where the accused is informed of the indictment and pleads to it, thereby formulating the issue to be tried." *Hamilton v. Alabama*, 368 U.S. 52, 54 n.4 (1961) (citing *Crain v. United States*, 162 U.S. 625, 644 (1896)). Recognizing the importance of the

---

[7] *Sine qua non* is another Latin phrase meaning "something absolutely indispensable or essential." *Sine Qua Non*, Merriam-Webster, https://www.merriam-webster.com/dictionary/sine%20qua%20non (last visited Feb. 12, 2026).

arraignment, Rhode Island law provides that a criminal defendant is entitled to be present at this particular proceeding. *See State v. LaChappelle*, 424 A.2d 1039, 1045 (R.I. 1981) (observing that Rule 43 of the Superior Court Rules of Criminal Procedure "expressly requires the presence of defendant at his arraignment, at the imposition of sentence, and at every 'stage of trial,' including the impaneling of the jury and the return of the verdict").

In any event, Mr. Xiao does not seek the writs of habeas corpus *ad prosequendum* or *ad testificandum* just so that he can attend his arraignment; he also seeks to be present at "any other proceedings subsequent to the arraignment, which may very well involve testimony and trial." ECF No. 7 at 3; *see also* ECF No. 1 at 8 (describing Mr. Xiao's prayer for relief). The Court finds that Mr. Xiao has the right to attend every single one of these proceedings, including his arraignment.

The Government's final argument is that, in order for the writs to issue, "state prosecutorial authorities" have to be the ones seeking Mr. Xiao's appearance in Rhode Island. ECF No. 6 at 3. The Government seems to suggest that it is not enough that the Rhode Island Superior Court—and not state prosecutors—requested Mr. Xiao's presence in Rhode Island. *Id.* at 2-3. To be sure, the Supreme Court has held that, with regard to the writ of habeas corpus *ad testificandum*, federal courts have the power to issue the writ "at the request of state prosecutorial authorities." *Barber v. Page*, 390 U.S. 719, 724 (1968) (citing 28 U.S.C. § 2241(c)(5)). The Court did not say whether this power also extended to the writ of habeas corpus *ad prosequendum*.

Nevertheless, some courts have construed this holding to *require* state prosecutors to seek the writ of habeas corpus *ad testificandum* or *ad prosequendum* in order for courts to be empowered to grant it. *See, e.g.*, *Malool v. Castro*, No. 25-cv-11222, 2025 WL 1424434, at *3 (D. Mass. May 16, 2025); *Cortez Rivera v. Hyde*, No. 1:25-cv-12390, 2025 WL 2977900, at *3 (D. Mass. Oct. 22, 2025).

On the other hand, other courts have found it sufficient for the state court itself to request the prisoner's presence in the state via a writ of habeas corpus *ad prosequendum* or *ad testificandum*. *See, e.g.*, *Soriano Neto*, 2025 WL 2969178, at *1 (granting petitioner's request that she be transferred to Rhode Island for her state criminal proceedings where the Rhode Island Superior Court also requested her presence by issuing a "writ of *ad prosequendum/testificandum*"); *Vidal-Martinez v. Acuff*, No. 21-cv-224-NJR, 2021 WL 1784948, at *2 n.2 (S.D. Ill. May 5, 2021) (recognizing that an Indiana state court was empowered to issue a writ of habeas corpus *ad prosequendum* so that petitioner detained by ICE could attend his state criminal proceedings); *Abraham v. Decker*, No. 18-cv-3481 (CBA), 2018 WL 3387695, at *1 (E.D.N.Y. July 12, 2018) (recognizing that a New York state court was empowered to issue a writ of habeas corpus *ad prosequendum* so that petitioner detained by ICE could attend his state criminal proceedings).

The Court finds it sufficient that the Rhode Island Superior Court requested Mr. Xiao's presence in Rhode Island via the writ of *ad prosequendum/testificandum*. *See* ECF No. 1-2 at 1. As Judge McElroy aptly put it, this action by the state court "implicates the long-standing principal of reciprocal comity between sovereigns in our

dual system of justice." *Soriano Neto*, 2025 WL 2969178, at *1. "[T]he power to 'lend' a prisoner from one sovereign to another arises from mutual respect and cooperation in the administration of justice." *Id.* (citing *Ponzi v. Fessenden*, 258 U.S. 254, 260-62 (1922)). Accordingly, "[t]he Superior Court's writ here functions as a formal invocation of that comity and does not diminish federal authority; rather, it exemplifies the cooperative accommodation that the *Ponzi* Court deemed essential to ensuring that each sovereign may vindicate its own laws without undue interference from the other." *Id.*

## IV.  CONCLUSION

The Court therefore GRANTS Mr. Xiao's petition for a writ of habeas corpus *ad prosequendum*, permitting him to attend his criminal proceedings in Rhode Island state court, as well as his arraignment. ECF No. 1. The Court also GRANTS Mr. Xiao's petition for a writ of habeas corpus *ad testificandum*, permitting him to attend the proceedings should he choose to invoke his right to testify at his criminal trial. *Id.* The Court DENIES the Government's Motion to Transfer. ECF No. 6.

The Court's previous text order, prohibiting the Government from moving Mr. Xiao from FCI Berlin without providing the Court with at least 72 hours advance notice, is amended as follows.

The Government is ORDERED to ensure that Mr. Xiao is transported and produced before the Washington County Superior Court in Wakefield, Rhode Island in sufficient time to appear at his scheduled arraignment on February 19, 2026, at 9:30 AM.

Following the arraignment, the Government is also ORDERED to ensure that Mr. Xiao is transported to each and every hearing, trial, or other court date calendared in case number W2-2019-0094B by the Washington County Superior Court. The Government is ORDERED to file a status report with the Court within 15 days in which it will provide logistics on how Mr. Xiao shall be transported to ensure his appearance at his criminal proceedings.

In the alternative, if the Government cannot arrange for such transportation, the Government shall release Mr. Xiao no later than February 17, 2026, to permit him to make his own travel arrangements and to be personally present at his criminal proceedings.

Further, while Mr. Xiao's criminal proceedings are ongoing, the Government is prohibited from removing Mr. Xiao from Rhode Island or New Hampshire without providing the Court with at least 72 hours advance notice of the move and the reason therefore.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*
_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court
DATE: 13 February 2026